Susie ROSS, Denita Johnson, James E. Curtis, Larry Pickens, Doris King, Ralph King, Karen Whitley, Ruby Magee, Cora Edney, Roy Allen, Jr., Chester Newman and Sharon White, Plaintiffs,

v.

CITIFINANCIAL, INC., F/K/A First Family Financial Services, Inc., Citifinancial, Inc., F/K/A Commercial Credit of Mississippi, Inc., Citifinancial, Inc., F/K/A First Family Financial Services, Inc., Citifinancial, Inc., F/K/A Commercial Credit of Mississippi, Inc., Citifinancial Services, Inc., Union Security Life Insurance Company, American Security Insurance Company, Tracy Mitchell, Darla Farmer, Joe Smith and John Does 1–50, Defendants.

No. CIV.A. 5:01–CV–185BN.

United States District Court, S.D. Mississippi, Western Division.

Oct. 5, 2001.

Thandi Wade, Joe N. Tatum, Tatum & Wade, PLLC, Jackson, MS, for plaintiffs.

Robert H. Walker, Fred Krutz, III, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Citifinancial, Inc. and Citifinancial Services, Inc.

Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Union Security Life Insurance and American Security Insurance.

Fred Krutz, III, Daniel J. Mulholland, Bonnie Bridgers Smith, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Tracy Mitchell, Darla Farmer, and Joe Smith.

## *ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Compel Discovery Responses and for Protective Order. The Court, in its review of the motion, noted that Plaintiffs failed to attach a Certificate of Good Faith. FED. R. CIV. P. 37(a)(2)(A) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer

with the party not making the disclosure in an effort to secure the disclosure without court action." Rule 37.1(A) of the Local Rules for the United States District Court for the Southern District also requires counsel to confer in good faith prior to the filing of a discovery motion and further requires that "a Good Faith Certificate (Form # 4) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the attachment of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the Court's consideration of a motion to compel.

 This prerequisite is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue. Rather, both attorneys must certify that they conferred on the discovery issues in an attempt to resolve them. The Court is unwilling to decipher letters between counsel to conclude that the requirement has been met. Form # 4 is a simple requirement and should be utilized.

Because no Certificate of Good Faith is attached to the Motion to Compel, the motion is denied without prejudice. The Plaintiffs may refile the motion or file a subsequent Motion to Compel with appropriate attachments.

FED. R. CIV. P. 26(c), like FED. R. CIV. P. 37(a)(2)(A), requires a certification of good faith. And, Local Rule 37.1(A) applies to all discovery motions. For the foregoing reasons, Motion of Plaintiffs for Protective Order is denied without prejudice. The Plaintiffs may refile the motion or file a subsequent Motion for Protective Order with appropriate attachments.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs [39–1] to Compel and for Protective Order is hereby denied without prejudice.