United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40337
Summary Calendar

_____

MAURICE GREER,

Plaintiff-Appellant,

versus

KENNETH BRAMHALL,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-312
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Maurice Greer ("Greer"), currently Wisconsin prisoner #280377 and formerly an inmate at the Bowie County Correctional Center ("Bowie") in Texarkana, Texas, appeals the district court's grant of summary judgment to Kenneth Bramhall ("Bramhall"), a former officer at Bowie, on Greer's 42 U.S.C. § 1983 claims. Greer argues that the district court abused its discretion by not considering his FED. R. CIV. P. 59(e) motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the magistrate judge's report and recommendation. For the first time on appeal, Greer contends that the district court abused its discretion by not ruling on his motion to compel prior to granting Bramhall's summary judgment motion.  Greer also maintains that the district court erred by finding that his injuries were *de minimis* and that he was injured because he did not obey Bramhall's orders.

In his FED. R. CIV. P. 59(e) motion, Greer challenged the magistrate judge's findings that his injury was *de minimis* and that he was injured because he did not obey Bramhall's orders but did not challenge the magistrate judge's alternative findings that Bramhall was entitled to official immunity from Greer's official capacity claims and qualified immunity from Greer's personal capacity claims.  As the magistrate judge's alternative findings on official and qualified immunity were sufficient, by themselves, to support the grant of summary judgment to Bramhall, Greer was not prejudiced by the failure of the district court to consider his FED. R. CIV. P. 59(e) motion.  Thus, while the district court should have considered Greer's FED. R. CIV. P. 59(e) motion as timely objections to the magistrate judge's report and recommendation, the district court did not commit reversible error.  See Kreimerman v. Casa Veerkamp, S.A., de C.V., 22 F.3d 634, 646-47 (5th Cir. 1994).

Greer's motion to compel did not contain the required certification that he had "in good faith conferred with the party

failing to make the discovery." FED. R. CIV. P. 37(a)(2)(B). Consequently, Greer was not prejudiced the district court's failure to rule on the motion to compel prior to granting summary judgment to Bramhall. As Greer suffered no prejudice, Greer has not shown that the district court abused its discretion, no less committed plain error. See Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

We need not consider Greer's remaining arguments. Because Greer has not challenged the district court's rulings that Bramhall was entitled to official and qualified immunity on appeal, he has waived any such challenges. See United States v. Brace, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). The district court's rulings on official and qualified immunity are sufficient, by themselves, to support the grant of summary judgment to Bramhall. Accordingly, the district court's grant of summary judgment to Bramhall is AFFIRMED.