# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2008

Charles R. Fulbruge III
Clerk

No. 06-30950
Summary Calendar

KIRK SPENCER, also known as Abdullah Muhammad

Plaintiff-Appellant

v.

BURL CAIN; DOUG DURRETT; YUSUF ABDULLAH; BLANE LACHNEY; K. BENJAMIN; JOHN HOGUE. RICHARD L. STALDER; UNKNOWN EDMOND

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1043

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kirk Spencer, Louisiana prisoner # 107286, was found guilty in a prison disciplinary hearing for violating prison rule 30W, General Prohibited Behavior, because during a Muslim prayer service he called Warden Burl Cain, Chaplain Yusuf Abdullah, and President Bush dictators. He was disciplined with a change in his custody classification to maximum and placed in administrative segregation in Camp J Extended Lockdown. Spencer filed a pro se, in forma

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pauperis complaint under 42 U.S.C. § 1983 against the defendants, alleging that his First Amendment right to free speech and his Fourteenth Amendment right to due process were violated. He denied making the statement at issue and claimed that he was not afforded due process during the disciplinary hearings. He also claimed that the defendants had retaliated against him and conspired to file false disciplinary charges.

As an initial matter, Spencer has not challenged the district court's dismissal of defendants Richard L. Stalder, Burl Cain, Doug Durrett, and Yusuf Abdullah because they were not personally involved in or causally connected to the deprivation of a constitutional right. By failing to address the basis for the district court's dismissal against those defendants, Spencer has abandoned the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court dismissed Spencer's due process claim for failure to state a claim because Spencer had failed to allege an infringement of a liberty interest which would invoke the protection of the Due Process Clause. Spencer reiterates his claim that he was denied due process because he was denied an impartial disciplinary hearing, he was not permitted to face his accusers and call witnesses, he was denied the right to present evidence, and he lacked notice that his actions violated prison rules. Spencer, however, has not shown that his placement in extended lockdown presented an atypical hardship that presents a dramatic difference from the conditions of prison life. See Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003). He therefore has not shown that the district court erred in its ruling.

Finally, prior to service on the defendants, the district court dismissed Spencer's First Amendment, retaliation, and conspiracy claims for failure to exhaust administrative remedies. The Supreme Court recently held that an inmate's failure to exhaust a § 1983 claim is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their

complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007); see also Carbe v. Lappin, 492 F.3d 325, 327-28 (5th Cir. 2007). Accordingly, we vacate the district court's dismissal of the First Amendment, retaliation, and conspiracy claims for failure to exhaust and remand for further proceedings consistent with Jones.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.