# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

Lyle W. Cayce
Clerk

No. 08-31096

KIRK SPENCER, also known as Abdullah Muhammad,

Plaintiff-Appellant,

v.

BURL CAIN; DOUG DURRETT; YUSUF ABDULLAH; BLANE LACHNEY; K. BENJAMIN; JOHN HOGUE; RICHARD L. STALDER; UNKNOWN EDMOND,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana (Baton Rouge Division)
USDC No. 3:05-CV-1043

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court properly dismissed, on summary judgment, Kirk Spencer's First Amendment, retaliation, and conspiracy claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We find that the competent summary-judgment evidence shows that Spencer did not exhaust his administrative remedies. Hence, we AFFIRM.

This appeal arises out of Spencer's 42 U.S.C. § 1983 suit, alleging that prison officials conspired to retaliate against him for exercising his right to free

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

speech and religious expression under the First Amendment. Specifically, Spencer alleges that prison officials conspired to file a disciplinary report against him in which they falsely accused him of calling Warden Burl Cain, Chaplain Yusuf Abdullah, and President George W. Bush "dictators" during an inmate-prayer service. According to Spencer, they did this to retaliate against him for disagreeing with Chaplain Abdullah's decision to replace the leader of an inmate religious group. Spencer claims that his disagreement with the chaplain is protected free speech and religious expression under the First Amendment.

This is the second time that this case has come before us. In *Spencer v. Cain*, 272 F. App'x 342, 343 (5th Cir. 2008), we affirmed the district court's dismissal of Spencer's due-process claim. We also noted that Spencer had not challenged the dismissal of Defendants Richard L. Stalder, Warden Cain, Doug Durrett, and Chaplain Abdullah because they were not personally involved in or causally connected to the alleged deprivation of a constitutional right. *Id*. Accordingly, we held, "By failing to address the basis for the district court's dismissal against those defendants, Spencer has abandoned the issue." *Id*. However, we vacated the district court's *sua sponte* dismissal of the First Amendment, retaliation, and conspiracy claims for failure to exhaust and remanded for further proceedings in light of *Jones v. Block*, 549 U.S. 199, 216 (2007). *Id*. Only Defendants Blane Lachney and K. Benjamin are currently before us because the district court dismissed the claims against Defendants John Hogue and Unknown Edmond under Federal Rule of Civil Procedure 4(m) for failure to prosecute.

The court reviews, *de novo*, a district court's award of summary judgment, applying the same standard as the district court. *Ford Motor Co. v. Tex. Dep't*

No. 08-31096

*of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Under the Prison Litigation Reform Act, prisoners must exhaust "such administrative remedies as are available" prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a). To do so, a prisoner must, through the appropriate administrative-grievance process, provide "fair notice" to prison officials of the problem that will form the basis of his suit. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (citation omitted).

There are two prison-grievance processes at issue—the administrative-remedy procedure and the disciplinary-appeal process. The district court found that Spencer failed to file his First Amendment, retaliation, and conspiracy claims through the proper process, the administrative-remedy procedure. Alternatively, the court concluded that Spencer's disciplinary appeal did not fairly notify prison officials of his claims. Spencer contends that he has exhausted both processes, and he relies on three documents to show that he had fairly notified prison officials of his claims through the administrative-remedy procedure and the disciplinary-appeal process. The first is a letter that Spencer alleges that he sent to Warden Cain on March 14, 2005. It carries the header, "ADMINISTRATIVE REMEDY PROCEDURE," and states, in its subject line, "RE: FREEDOM OF SPEECH, RETALIATION, AND CONSPIRACY." The second document is his April 8, 2005 appeal from the disciplinary board's finding of guilt. The third is a document titled, "Supplement To Appeal From

3

No. 08-31096

Disciplinary Board." Spencer alleges that he filed this document on April 26, 2005.

The district court properly discounted the March 14, 2005 letter and the April 26, 2005 supplemental appeal because they are unsworn and uncertified. "Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); Fed. R. Civ. P. 56(e)(1). This deficiency is even more significant here because the Louisiana Department of Public Safety and Corrections has certified that these documents are not in its official records. In January of this year, we directed Defendants to produce a complete, certified copy of the administrative record for the disciplinary proceeding, including all submissions and orders, and for the administrative-remedy procedure. Our review of the production confirms that the documents are not part of the certified record.

Moreover, in Defendants' supplemental brief, they allege that Spencer "tailor-made" the March 14, 2005 letter to demonstrate exhaustion in this federal litigation. Defendants' supplemental brief also points out that the supplemental appeal is uncertified and that it does not "bear[] any stamp or other marking indicating that it was filed and/or received by the prison." Although we do not address the merits of this accusation, we note that this type of situation demonstrates why, under Rule 56, documentary evidence that is filed in opposition to summary judgment must be sworn or certified. Under 28 U.S.C. § 1746, Spencer could have satisfied this requirement by simply filing an "unsworn declaration under penalty of perjury," stating that the documents are

No. 08-31096

true and correct copies of what he says they are.[1] Had Spencer done so, there may have been a genuine issue of material fact precluding dismissal.

On the other hand, Spencer's April 8, 2005 disciplinary appeal is competent summary-judgment evidence because Defendants produced it as part of the certified administrative record. That appeal, however, did not fairly notify prison officials of the First Amendment, retaliation, and conspiracy claims at issue. The appeal does not allege or otherwise mention a conspiracy by prison officials to retaliate against him by filing a false disciplinary report. Tellingly, in Spencer's supplemental brief, for which he was represented by counsel, he concedes that the appeal only contains "at least the inference of retaliation and a conspiracy to create a false report by pointing to the fact that the [officer

---

[1] Section 1746 states,

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

present when he allegedly called the warden, the chaplain, and President Bush 'dictators'] did not file an immediate report, instead doing so only upon specific official request." The conduct of a single prison officer, however, does not create "at least an inference" or provide fair notice of a conspiracy to retaliate, which necessarily requires the participation of more than one individual.

Spencer's December 2005 response to the Magistrate Judge's Order to Show Cause regarding exhaustion further demonstrates that this disciplinary appeal did not fairly notify prison officials of a conspiracy to retaliate. There, Spencer described the appeal as follows: "plaintiff made mention that he is protected by the First Amendment . . . ." Spencer did not assert that the appeal also mentioned retaliation or conspiracy. Indeed, he argued that the disciplinary appeal was "sufficient for exhaustion purposes" only as to his free-speech and due-process claims. Spencer relied on his supplemental appeal of April 26, 2005 to establish exhaustion as to his conspiracy and retaliation claims. As discussed, the supplemental appeal is not competent summary-judgment evidence.

Although the disciplinary appeal does mention the First Amendment, it only does so in reference to Spencer's statement that Warden Cain, Chaplain Abdullah, and President Bush are "dictators"—a statement that Spencer has repeatedly denied making. Insofar as one can liberally construe Spencer's amended complaint to raise a First Amendment claim over the "dictators" statement, we note that a plaintiff cannot assert a First Amendment violation over a statement that he denies making. *See Jones v. Collins*, 132 F.3d 1048, 1054-55 (5th Cir. 1998) (holding that a superintendent's alleged retaliation against a principal for perceived public statements was not a First Amendment violation where the principal denied making such statements). In this § 1983

suit, Spencer claims First Amendment protection over an entirely different statement—his disagreement with Chaplain Abdullah over the removal of the religious-organization leader. Thus, we conclude that Spencer's April 8, 2005 disciplinary appeal did not provide fair notice of the First Amendment claim that forms the basis of this suit. In sum, the district court properly granted summary judgment, dismissing Spencer's First Amendment, retaliation, and conspiracy claims under § 1997e(a).

Because we find that Spencer did not exhaust his administrative remedies, we do not address whether the district court properly dismissed his claims against Defendants Hogue and Unknown Edmond for failure to prosecute. There is also an issue as to whether a Louisiana prisoner must raise such claims through the administrative-remedy procedure or the disciplinary-appeal process. However, in light of (1) Spencer's contention that he had exhausted both processes and (2) our holding that Spencer has failed to exhaust either process, we need not resolve this issue.

AFFIRMED.