**Ivan ANZURES, Plaintiff,**

v.

**PROLOGIS TEXAS I LLC, Prologis Texas II LLC, Prologis NA2 Texas LLC, Prologis Management Incorporated and Elizabeth Rodriguez, Defendants.**

**No. EP–11–CV–395–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

Signed March 29, 2012.

See also 2012 WL 10890453.

Maxey M. Scherr, Sam J. Legate, Scherr Legate, PLLC, James F. Scherr, El Paso, TX, for Plaintiff.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

ROBERT F. CASTANEDA, United States Magistrate Judge.

Before the Court are Plaintiff's motions to compel discovery of Defendants, filed on March 14, 2012. (Docs. 23–26) The motions were referred to this Court for resolution by United States District Judge Kathleen Cardone. (Doc. 27) Defendants filed a response on March 27, 2012. (Docs. 29, 30) For the reasons set forth below, Plaintiff's motions to compel are denied at this time, without prejudice.

Plaintiff's motions to compel set forth Plaintiff's requests, Defendants' objections, and Plaintiff's replies to nineteen (19) re-

quests for production, three (3) requests for admission, and twelve (12) interrogatories, not including sub-parts, which may be in excess of the number allowed by law. (Docs. 23–26) The certificates of conference contained in Plaintiff's motions state "I certify that on February 16, 2012, I conferred with Defendants' counsel on Defendants' Responses and Answers to Discovery." (Docs. 23–26 at 15).

Federal Rule of Civil Procedure 37(a)(1) requires a party moving for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.Proc. 37(a)(1). Plaintiff's certification is not sufficient to satisfy Rule 37(a)(1). It neither states that Plaintiff conferred with opposing counsel in good faith nor that such conference was undertaken in an effort to obtain the disputed discovery without court action.

Defendants do not argue in their response either that Plaintiff's certification is deficient or that Plaintiff failed to in good faith confer or attempt to confer with Defendants in an effort to obtain the requested discovery without court action. (Doc. 30) The fact that Defendants' response sets forth specific arguments for their objections, none of which were referenced in Plaintiff's motions, suggests to this Court that such good faith effort to resolve discovery disputes without court action had not been undertaken by the Plaintiff before the filing of Plaintiff's motions. Plaintiff's motions set forth boilerplate responses which fail to indicate that any discussion had taken place between the parties to understand, narrow, or reach an agreement regarding the disputed issues. Nor do Plaintiff's motions contain any factual allegations suggesting that Plaintiff did in fact attempt to confer with Defendants in a good-faith attempt to resolve the discovery disputes without court action, but that Defendants were unwilling to engage with Plaintiff in such attempt. The only allegation Plaintiff makes is that on one day, February 16, 2012, Plaintiff discussed Defendants' responses and answers to discovery with Defendants' counsel. (Docs. 23–26 at 15).

At least three courts have denied motions to compel due to a movant's failure to include the required certification language. In *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D.Miss.2001), the court found that a certification that the movant conferred in good faith to obtain certain discovery responses was absent and that correspondence discussing the discovery at issue included with the motion did not satisfy the good-faith certification requirement. The court noted that the language used in Rule 37 is "a simple requirement and should be utilized." *Ross,* 203 F.R.D. at 240. In *In re Lentek International, Inc.*, 2006 WL 2787064 at *1, 2006 Bankr.LEXIS 2530 at *2 (Bankr.M.D.Fla. 2006), the court found insufficient a certification that after counsel conferred with opposing counsel and narrowed the issues, it was unclear that all the issues had been resolved, because it failed to indicate the discussion had conclusively ended in an impasse with an issue for the court to determine. In denying the motion, the court stated:

> Pleadings filed in connection with discovery issues are a final option to be pursued only when negotiations fail and should never be used to raise any discovery issue *for the first time.* The Court expects parties to do just as the federal rules require— confer on *all* open issues prior to filing any request for court action. The Court is more than willing to resolve legitimate disputes between the parties when appropriate. Certainly, parties can disagree on the completeness of a discovery response. However, the Court will not consider such disputes until the parties have attempted and been unable to resolve them.

*In re Lentek Internat'l, Inc.,* 2006 WL 2787064 at **1–2, 2006 Bankr.LEXIS 2530 at *4 (emphasis added).

In *In re Presto,* 358 B.R. 290, 293 (Bankr. S.D.Tex.2006), the court found insufficient both movant's original allegation that she had pointed out serious flaws in discovery responses to opposing counsel, and movant's supplemental certification that she had "cooperated in discovery by first conferring with Debtor's counsel prior to seeking relief from

this Court" referring to e-mails she had sent to opposing counsel. The court pointed out that nowhere in the supplemental certificate did movant certify that she has *"in good faith* conferred with the Debtor's counsel in an effort to secure the necessary disclosure without going to court." *In re Presto,* 358 B.R. at 293 (emphasis in the original). The court stated that "[i]f a party is going to accuse an opposing party of failing to comply with a Rule, ... then the moving party itself must comply with the relevant rule[,]" a proposition with which the court noted Fifth Circuit precedent seemed to be in agreement. In *Greer v. Bramhall,* the Fifth Circuit found the movant was not prejudiced by the district court's failure to rule on the motion to compel prior to granting summary judgment to the opposing party because the motion to compel did not contain the required certification that he had "in good faith conferred with the party failing to make the discovery." *In re Presto,* 358 B.R. at 294 n. 1 (citing *Greer v. Bramhall,* 77 Fed.Appx. 254, 255 (5th Cir.2003)).

Plaintiff's motions to compel have an abundance of items. The Court expects each item to have been discussed in good faith in an effort to resolve it as required by Rule 37. It appears that it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues.

The Court also notes that Plaintiff's motions to compel are fifteen (15) pages, excluding exhibits, and range from twenty-nine (29) to forty-three (43) pages with exhibits. The local rules for the Western District of Texas require that motions shall be limited to 10 pages in length, unless otherwise authorized by the Court. Rule CV–7(c) *(revised effective* December 17, 2009) Plaintiff did not seek leave of court to file the motions in excess of the ten-page limit.

Further, the Court notes that Judge Cardone has entered standing orders requiring a specific format and content for all civil motions and, for motions in excess of twenty (20) pages, provision of a chambers copy. A remark contained in the docket of this case, entered on September 29, 2011, made clear that all parties shall comply with Judge Cardone's standing orders and even provided a link to where such orders could be found. Despite this, Plaintiff failed to comply with these requirements as well.

The Court expects, if the motion is refiled, for Plaintiff to comply with the Rules of Civil Procedure, Local Rules, and Judge Cardone's standing orders. The result of non-compliance, as per Judge Cardone's standing order, will be denial of the motion.

This ruling should not be construed as expressing any opinion on the merits of the motions to compel. Yet, for all the reasons stated above, Plaintiff's motions to compel discovery of Defendants are hereby DENIED without prejudice.