# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

HERMAN EUGENE SMITH, SR.,

    Plaintiff - Appellant

v.

FTS USA/UNITEK GLOBAL SERVICE,

    Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CV-312

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Herman Eugene Smith, Sr., proceeding *pro se*, appeals the district court's grant of FTS USA, LLC's motion for summary judgment and implied denial of his motion to compel. For the reasons stated below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60425

## I.

Smith is a black male who was hired to work as a cable installation technician for FTS in 2010. Eighteen months later, when he was fifty-seven years old, he applied for and was denied a promotion as a field trainer. The promotion was instead given to a twenty-five year old white co-worker. Smith sued, alleging discrimination under Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"). Pursuant to the district court's case management order, the parties exchanged discovery requests. At the close of discovery, FTS moved for summary judgment.

FTS raised a number of general and specific objections to Smith's interrogatories. Although dissatisfied with FTS's responses, Smith did not file a motion to compel until a month and a half after the close of discovery—after FTS's motion for summary judgment had been fully briefed. The district court did not address Smith's motion to compel, but instead granted FTS's motion for summary judgment and closed the case. Smith timely appealed.

## II.

As an initial matter, Smith has failed to support his contentions with "citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A). Although this court "liberally construe[s] briefs of *pro se* litigants and appl[ies] less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (footnote omitted). The court nonetheless has discretion to consider a noncompliant brief "when the deficient brief does not prejudice the opposing party." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (citing *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)). Because FTS addresses all

2

relevant issues on appeal, we find no prejudice and proceed to consider each issue in turn.

## A. Motion to Compel

Smith first argues that he is entitled to "declaration [sic] and injunctive relief relating to the District Court's failure to grant [his] Motion to Compel." Although not entirely clear, he appears to argue that by "fail[ing] to intervene or inform plaintiff of any ruling on said motion to compel" the district court abused its discretion by "allow[ing] critical information to remain suppressed." We disagree.

While the district court did not specifically address Smith's motion, it was denied by implication when the district court granted FTS's motion for summary judgment and closed the case. As we have previously held, a "court may grant summary judgment any time before trial." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1328 (5th Cir. 1996). A district court need not wait to resolve a summary judgment motion until after all discovery motions have been handled—especially if the pending discovery motions do not comport with the court's procedural requirements. *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (per curiam).

Here, the motion to compel clearly did not comply with the district court's procedural rules. Local Civil Rule 7(b)(11) of the Southern District of Mississippi specifies that "[a]ny nondispositive motion served beyond the motion deadline imposed in the Case Management Order may be denied solely because the motion is not timely served." Because Smith did not file his motion to compel until approximately a month after the motion deadline, the district court did not abuse its discretion by not addressing Smith's motion to compel before granting FTS's motion for summary judgment.

No. 16-60425

## B. Motion for Summary Judgment

Smith also appeals the district court's grant of summary judgment. "We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In his amended complaint, Smith advanced three theories of race and age discrimination under Title VII and the ADEA: (1) that FTS created a hostile work environment where Smith was "subjected to a series of verbal threats, intimidation, and unfair disciplinary actions based in whole or in part upon his race and age"; (2) that FTS failed to promote Smith on account of his age or race; and (3) that FTS unlawfully took away Smith's privileges, decreased his pay, and ultimately terminated his employment in retaliation for complaining about being passed over for promotion. The district court granted summary judgment on each of these claims, ultimately finding that Smith failed to support his allegations with any evidence in the record, relying instead on his unsworn pleadings and materials. We agree.

"Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam). On the contrary, we have held that district courts should "properly discount[]" those materials which are "unsworn and uncertified." *Spencer v. Cain*, 480 F. App'x 259, 261 (5th Cir. 2010) (per curiam). Having failed to provide other evidence to challenge FTS's summary judgment claims, Smith

4

No. 16-60425

has failed to raise a genuine issue of material fact on any of his Title VII or ADEA counts.

## III.

For the reasons stated above, we AFFIRM the district court's grant of FTS's motion for summary judgment.