# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11519

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

PAMELA MCCARTY; NICK MCCARTY,

Plaintiffs - Appellants

v.

HILLSTONE RESTAURANT GROUP, INCORPORATED, doing business as Houston's Restaurant,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

In this appeal, Pamela and Nick McCarty contend the district court erred by granting summary judgment in favor of Hillstone Restaurant Group, Inc. ("Hillstone"). We AFFIRM.

## FACTUAL BACKGROUND

On February 16, 2014, the McCartys and another couple went to dinner at Houston's Restaurant ("Houston's"), a business operated by Hillstone. Mrs. McCarty fell while walking to the restrooms, which required her to pass the restaurant's kitchen. At the time, Mrs. McCarty was using crutches due to a recent surgery on her heel. The McCartys allege some substance on the floor

No. 16-11519

outside the restaurant's kitchen and restrooms caused Mrs. McCarty's crutch to slip from underneath her.

## JURISDICTION

Federal subject matter jurisdiction exists based upon diversity of citizenship. The McCartys are Texas citizens, while Hillstone is a Delaware corporation with its principal place of business in Atlanta, Georgia.

This court has appellate jurisdiction over the McCartys' appeal pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

"[This court] review[s] 'a grant of summary judgment . . . *de novo*, applying the same standard on appeal that is applied by the district court.'" *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469 (5th Cir. 2017) (quoting *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014)) (bracket omitted). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). "[This court] also review[s] 'a district court's determinations of state law *de novo*.'" *Id.* (quoting *Lozovyy v. Kurtz*, 813 F.3d 576, 580 (5th Cir. 2015)).

"Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Id.* (quoting *Little*, 37 F.3d at 1075). "Rather, the non-moving party must 'set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.'" *Id.* (quoting *Morris v. Covan World Wide*

No. 16-11519

*Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"When considering summary judgment evidence, [this court] must view 'all facts and inferences . . . in the light most favorable to the nonmoving party.'" *Id.* (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). "[This court] must 'not weigh the evidence or evaluate the credibility of witnesses.'" *Id.* (quoting *Morris*, 144 F.3d at 380). "[This court] resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* (quoting *Little*, 37 F.3d at 1075). "[This court] will not assume 'in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts,' and will grant summary judgment 'in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (quoting *Little*, 37 F.3d at 1075).

## ANALYSIS

The McCartys assert a premises liability claim. Under Texas law, "[g]enerally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury;
>
> (2) the condition posed an unreasonable risk of harm;
>
> (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and

No. 16-11519

> (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee."

*Id.* at 251–52.

This case turns on the knowledge element. The Supreme Court of Texas has identified three methods by which a plaintiff may satisfy the knowledge element in a slip-and-fall case. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002).[1] First, a plaintiff may "establish[ ] that . . . the defendant placed the substance on the floor." *Id.* at 814. Second, a plaintiff may "establish[ ] that . . . the defendant actually knew that the substance was on the floor." *Id.* at 814. Third, a plaintiff may "establish[ ] that . . . it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* at 814.

Plaintiffs may rely upon both direct and circumstantial evidence of a defendant's knowledge. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935–36 (Tex. 1998). Circumstantial evidence must "either directly or by reasonable inference" support the conclusion that the defendant had knowledge of the alleged risk. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 394 (Tex. 2016) (quoting *Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015)). "An inference is not reasonable if premised on mere suspicion—'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'" *Id.* (quoting *Suarez*, 465 S.W.3d at 634).

As discussed below, the McCartys have not identified evidence from which a jury could, under any of the three methods of proof outlined in *Reece*,

---

[1] The *Reece* court described the first element as the "notice element" rather than the "knowledge" element, but the court's discussion suggests no meaningful distinction between "notice" and "knowledge." *See Reece*, 81 S.W.3d at 814 ("To prevail, Reece had to prove, among other things, that Wal-Mart had actual or constructive notice of the spill.").

conclude Hillstone had actual or constructive knowledge of the restaurant floor's allegedly dangerous condition. The district court's summary judgment dismissal was therefore proper.

### A. Evidence that Hillstone placed a substance on the floor

Even assuming that Mrs. McCarty slipped on a foreign substance, the summary judgment record does not contain sufficient evidence for a jury to conclude Hillstone placed the substance. What evidence the record does contain about how a foreign substance might have gotten onto the floor is simply too speculative.

For example, a restaurant manager acknowledged it is "possible" that employees tracked food or water from the restaurant's kitchen floor or spilled liquid from drinks in the area where Mrs. McCarty fell. Restaurant employees also testified that, while moving between the kitchen and seating areas, the wait staff frequently traversed the same area. At best, this evidence raises a mere suspicion that restaurant employees might have tracked or spilled a foreign substance where the fall occurred. Mere suspicion is insufficient to carry the McCartys' burden of establishing a genuine issue for trial. *See Sampson*, 500 S.W.3d at 394.

### B. Evidence that Hillstone actually knew a substance was on the floor

Similarly, the summary judgment record is devoid of any evidence that any Hillstone employee actually knew a foreign substance was on the floor where Mrs. McCarty fell. The McCartys rely upon the initial version of a written statement prepared by a Hillstone employee who saw Mrs. McCarty fall. In that statement, the employee wrote, "I did see any food/debris, any water, moist[ure], or other obstacle in which she could have slipped or tripped on in the area in which she was walking and eventually fell." Before his deposition, however, the employee revised the statement to indicate that he

"did *not* see" (emphasis added) any such substances or obstacles. We share the district court's conclusion that the employee simply corrected a typographical error.

### C. Evidence that a substance was on the floor long enough to give Hillstone a reasonable opportunity to discover it

The McCartys acknowledge that, even assuming a foreign substance was on the floor where Mrs. McCarty fell, no evidence tends to establish how long the substance was there. Without such evidence, the McCartys cannot establish Hillstone's constructive knowledge of the alleged dangerous condition.

"Constructive knowledge is a substitute in the law for actual knowledge." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). "In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *Id.* at 102–03. "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816.

In all cases, however, "there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* (emphasis added). "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id.* Moreover, "when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Gonzalez*, 968 S.W.2d at 936. If circumstantial evidence "supports only the *possibility* that

the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be charged with constructive notice. *Id.*

The McCartys' reliance upon *Beach Bait & Tackle v. Bull* is unavailing. *See* 82 S.W.3d 663 (Tex. App.—San Antonio 2002). In *Beach Bait & Tackle*, the court held a jury could infer the premises owner knew "there would be water on the floor . . . after it rained" due to undisputed evidence that "water seeped under the back wall" of the premises after hard rains. *Id.* at 666. The *Beach Bait & Tackle* court's analysis of this issue relied upon *City of San Antonio v. Rodriguez*, 931 S.W.2d 535 (Tex. 1996) and *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664 (Tex. App.—Texarkana 1999, pet. denied). *Id.* The evidence in each of these cases provided context for how long the hazardous condition had existed, in the form of either a discrete and readily documented antecedent event (e.g., a rainfall) or an attribute of the hazard (e.g., a puddle's size, from which the jury could reasonably infer how long the puddle had been growing).[2] In this case, by contrast, no evidence would permit the jury to trace the alleged slip risk to a particular antecedent event. Nor could a jury infer from any attributes of the alleged hazard that it had been growing over any length of time.

At oral argument, the McCartys candidly admitted that no evidence gives any temporal context to the alleged dangerous condition. As they

---

[2] In *City of San Antonio v. Rodriguez*, the Texas Supreme Court held a jury could infer "the person in charge of [a] recreation center . . . knew that there would be water on the floor . . . [when] there was evidence that the person in charge . . . knew of the leaks in the roof and knew that it had been raining." 931 S.W.2d at 537. In *Tinsley*, the Court of Appeals held that the large size of a puddle inside the premises, coupled with the lack of evidence that "any leak [from the ceiling] was sudden or of a large quantity at any time," provided a sufficient basis for the jury to deem it more likely than not that water had dripped from the ceiling "over an extended period of time." *See* 998 S.W.2d at 669.

No. 16-11519

acknowledged, no evidence in the summary judgment record addresses the question of whether the alleged condition existed for mere seconds or several hours. Given the absence of any temporal context for the alleged hazard, Hillstone may not be charged with constructive knowledge of the alleged slip risk.

## CONCLUSION

For the foregoing reasons, we AFFIRM.