JERRY E. SMITH, Circuit Judge:
Leoncio Garcia sued Wal-Mart Stores Texas, L.L.C. ("Wal-Mart"), after he slipped and fell inside the entrance to one of its stores. The district court granted summary judgment for Wal-Mart, reasoning that Garcia had failed to raise a fact issue on Wal-Mart's knowledge of the spill. Disagreeing, we reverse and remand.
I.
The incident was caught on the store's video surveillance. At 5:56 a.m., a Wal-Mart employee operating an auto-scrubber machine passed over the area of the accident. The auto-scrubber works by dispensing cleaning solution on the floor, scrubbing the floor, and squeegeeing the remaining solution. The machine paused briefly where the floor changes from brown tile to white vinyl flooring-the *279 spot where Garcia would fall. The auto-scrubber operator then left the area without checking for wet spots, trail mopping the uneven area, or posting warning signs of spillage. Garcia claims this was all contrary to Wal-Mart's operating procedures and safety policies related to auto-scrubber use, which require that "Wet Floor" signs be placed in areas "to be scrubbed," and that employees "trail mop anything left behind by the scrubber," "during turns, along edges, or left in low spots ." (Emphasis added.)
Over the course of the next twenty-five minutes, thirteen customers and employees walked past or through the accident scene without slipping or checking for wet spots. At around 6:07, an employee of the McDonald's franchise located inside the Wal-Mart pulled a trash bin through the area; and again at 6:15, another McDonald's employee dragged a second trash bin over the spot of the fall. At 6:21, Garcia entered the store and slipped on what he describes as "the exact spot where the auto scrubber had earlier paused." Shortly thereafter, a Wal-Mart employee walked over to the place of the incident and "put [a] cone down" on "the spot where Mr. Garcia had fallen" because she "saw a liquid on the floor." The video is of too low a resolution to show the clear fluid.
Garcia sued in state court, and Wal-Mart removed. Wal-Mart sought summary judgment on the ground that Garcia had offered no evidence that Wal-Mart knew of the spill before the incident. Garcia responded that the video, together with Wal-Mart's policies, supported the inference that the spillage came from the auto-scrubber; and under Texas law, evidence that the defendant created the spill ("creation evidence") permits a jury to infer the requisite knowledge. The district court granted summary judgment.[1] Citing Wal-Mart Stores, Inc. v. Reece , 81 S.W.3d 812, 814 (Tex. 2002), the court agreed that Garcia could create a fact issue on knowledge if he could prove the auto-scrubber "caused the condition." But the court dismissed Garcia's story as "merely a possibility, an inference among many other equally plausible, but opposite inferences." Accord Flock v. Scripto-Tokai Corp ., 319 F.3d 231, 237 (5th Cir. 2003).
II.
Texas requires an invitee to prove four elements on a premises-liability claim: that "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) ... the risk was the proximate cause of injuries to the invitee." Henkel v. Norman , 441 S.W.3d 249, 251-52 (Tex. 2014). In Reece , 81 S.W.3d at 814, the Texas Supreme Court explained that a plaintiff can prove knowledge, the first element, by showing that (a) "the defendant placed the substance on the floor"; (b) "the defendant actually knew that the substance was on the floor"; or (c) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." See also McCarty v. Hillstone Rest. Grp., Inc. , 864 F.3d 354, 358 (5th Cir. 2017). To prove any of these three propositions, "[p]laintiffs may rely upon [either] direct [or] circumstantial evidence." Id. at 358-59 (quotations and citations omitted).
*280 The parties agree that Keetch v. Kroger Co. , 845 S.W.2d 262, 265 (Tex. 1992), provides the starting point. Before Keetch , "a plaintiff [in Texas] could prove actual or constructive knowledge of the dangerous conditions by showing only that the owner/operator created the dangerous condition."[2] Keetch modified that rule and explained,
The fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge. However, the jury still must find that the owner or occupier knew or should have known of the condition. Making the inference as a matter of law is improper unless knowledge is uncontroverted. [The owner] denied knowledge of the condition so the inference of knowledge could not be made as a matter of law.
845 S.W.2d at 265 (emphasis added, footnote and citation omitted).
Wal-Mart reads Keetch for the broad proposition that circumstantial creation evidence never suffices to create a fact issue on notice of the spill where the defendant denies knowledge. But Keetch does not say that. The court held only that the inference cannot be made as a matter of law . Id.
Wal-Mart's gloss finds support in one unpublished decision: Wal-Mart Stores, Inc. v. Barrera, No. 04-00-00002-CV, 2001 WL 121176, at *1 (Tex. App.-San Antonio Feb. 14, 2001, no pet.).[3] The plaintiff was injured while dismounting a display bike that suddenly began to disassemble. Id. The plaintiff claimed Wal-Mart's knowledge could be inferred from its employees' defective assembly. Id. at *2. The Court of Appeals disagreed, citing Keetch :
In this case, Wal-Mart denied knowing the exercise bike posed an unreasonable risk of harm. Consequently, knowledge is controverted. The inference of knowledge does not apply , and Barrera is required to produce evidence demonstrating Wal-Mart had actual or constructive knowledge of the unreasonable risk of harm.
Barrera does not identify and we have been unable to find any evidence in the record tending to show Wal-Mart either knew or should have known of the condition of the exercise bike. Although the evidence that the handle bars and a pedal became disconnected or came off at the time of the accident may suggest the bike was improperly assembled, it does not address Wal-Mart's knowledge of the bike's condition.
Id. (emphasis added, citation omitted). Wal-Mart suggests, per Barrera , that where a defendant denies knowledge of the hazard, a plaintiff must present additional, non-speculative evidence of knowledge-beyond creation evidence-to have a fact issue.
But published decisions after Barrera establish that it was wrongly decided. In Reece , for example, the Texas Supreme Court recognized, without Barrera 's qualification, that a plaintiff can prove knowledge by showing "the defendant placed the substance on the floor." Reece , 81 S.W.3d at 814-15 ; see also McCarty , 864 F.3d at 358. And several unpublished decisions likewise suggest that creation evidence always constitutes a fact issue on knowledge, *281 appropriate for jury resolution.[4] It is therefore inaccurate for Wal-Mart to say that its disclaimer of knowledge somehow saps Garcia's creation evidence of probative value under Texas law.[5]
Having surmounted Wal-Mart's threshold challenge, Garcia must still show that his circumstantial evidence is sufficiently non-speculative to create a fact issue. His position is that the video and Wal-Mart policies together suggest that (a) Wal-Mart used the machine to place slippery liquid on the floor, (b) the liquid was likely to collect in low-lying areas, (c) the machine paused over a low-lying area, (d) no Wal-Mart personnel checked for or took the requisite steps to remove it, and (e) Garcia slipped just where the machine had paused. This plausibly suggests the spill came from the auto-scrubber.
Wal-Mart replies that Garcia's theory is no more likely than its proposed alternatives (e.g., fluid from McDonald's garbage or other passersby).[6] First, Garcia's theory assumes, without evidence, that "the auto scrubber had water and/or cleaning solution in it" and "was in clean mode when it passed through the area of incident." Second, if the auto-scrubber created the puddle, surely one of other thirteen individuals would likely have slipped before Garcia did. Additionally, Wal-Mart emphasizes that, as a matter of law, its internal policies are irrelevant to the standard of care. See, e.g. , FFE Transp. Servs., Inc.v. Fulgham , 154 S.W.3d 84, 92 (Tex. 2004).
None of these rebuttals succeeds. Garcia uses the policy to corroborate his narrative (that Wal-Mart created the spill), not to escalate the standard of care. See ids="9035263" index="14" url="https://cite.case.law/sw3d/154/84/#p92">id. And as between the parties' divergent stories, *282 Garcia's is easily the most plausible. Certainly, his version of events requires some uncorroborated assumptions, but that is true of any explanation conceivably consistent with the video.
The real question is whether Garcia's entire story, uncorroborated assumptions and all, is more plausible than Wal-Mart's proposed alternatives. The answer to that question is clearly yes. Garcia's is the only explanation supported by multiple, particularized indicia: The auto-scrubber pauses where the level of the floor changes; liquid tends to accumulate in uneven areas; and, per the post-slip cleanup effort, the spill was a concentrated puddle (rather than a trail created by a leaking garbage bin). Accord Stewart , 120 F.3d 266, 1997 WL 420283, at *2.
Because Wal-Mart's shot-in-the-dark conjectures are not equal inferences, the summary judgment is REVERSED, and the case REMANDED. We place no limitation on the matters that the district court can address and decide on remand.

Garcia had moved to compel disclosure of the name of the auto-scrubber's operator. The district court never passed on the motion expressly but rejected it implicitly in granting summary judgment. See Smith v. FTS USA/Unitek Glob. Serv. , 676 F. App'x 264, 266 (5th Cir. 2017). Because we reverse, we need not address the issue.

Richardson v. Wal-Mart Stores, Inc. , 963 S.W.2d 162, 165 (Tex. App.-Texarkana 1998, no pet.) (emphasis added) (citing Safeway Stores Inc. v. Bozeman , 394 S.W.2d 532, 537 (Tex. Civ. App.-Tyler 1965, writ ref'd n.r.e.) ).

Wal-Mart also cites Cooley v. Home Depot, U.S.A., Inc., No. 04-00-00373-CV, 2001 WL 322163, at *1 (Tex. App.-San Antonio Apr. 4, 2001, pet. denied) (unpublished), but that case is inapposite because it was a no-evidence summary judgment.

See, e.g. , Stewart v. Wal-Mart Stores, Inc. , 120 F.3d 266, 1997 WL 420283, at *2 (5th Cir. July 3, 1997) (unpublished) ("Under Texas law, the jury may infer that the owner or occupier knew or should have known of a dangerous condition if there is evidence that the dangerous condition was created by the owner or occupier."); Richardson , 963 S.W.2d at 165 ("The court held that if an owner/operator created a condition that posed an unreasonable risk of harm, that fact alone could authorize a jury to find an inference of knowledge, but such an inference cannot be made as a matter of law unless knowledge is uncontroverted." (emphasis added) ); Grayson v. Anselmo , No. 14-06-01073-CV, 2008 WL 660433, at *3-4 (Tex. App.-Houston [14th Dist.] Mar. 11, 2008, no pet.) (unpublished) ("It is within the fact finder's province to decide whether the circumstances justify inferring actual knowledge against the creator of a dangerous condition.").

Wal-Mart's position does, however, highlight the fact that Texas courts have never explained how creation evidence is probative of knowledge or the kind of knowledge-actual or constructive-it tends to show. Compare Hall v. Sonic Drive-In of Angleton, Inc. , 177 S.W.3d 636, 644-46 (Tex. App.-Houston [1st Dist.] 2005, pet. denied) (considering creation evidence in a section titled "actual knowledge" and holding, based on intentional creation evidence, "that the summary judgment evidence did not conclusively establish that Sonic did not have actual knowledge of the condition"); with Keetch , 845 S.W.2d at 264 ("The fact that the [defendant] created a condition ... may support an inference of knowledge. However, the jury still must find [the defendant] knew or should have known of the condition." (emphasis added) ); see also McCarty , 864 F.3d at 358 n.1. Louisiana law provides an illustrative contrast: "[P]laintiffs [in Louisiana] must prove either creation of the hazard or actual or constructive notice thereof. There is no requirement of notice when it comes to creation of the hazard." Deshotel v. Wal-Mart La., L.L.C. , 850 F.3d 742, 748 (5th Cir. 2017).

See, e.g. , Summers v. Fort Crockett Hotel, Ltd. , 902 S.W.2d 20, 25 (Tex. App.-Houston [1st Dist.] 1995, writ denied) ("When circumstances are consistent with either of two facts and nothing shows that one is more probable than the other, neither fact can be inferred." (citing Litton Indus. Prods. Inc. v. Gammage, 668 S.W.2d 319, 324 (Tex. 1984) ); Flock , 319 F.3d at 237 ).