# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20456
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2019

Lyle W. Cayce
Clerk

TRUDI ALFORD,

      Plaintiff - Appellant

v.

WALGREENS COMPANY,

      Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3543

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Trudi Alford appeals from the district court's grant of summary judgment to Walgreens Company in this premises-liability action arising from a trip-and-fall incident. Alford claims that Walgreens breached its duty to warn her of a half-inch gap underneath a speed bump in a parking lot in Cypress, Texas, causing her to trip and fall, sustain severe injuries, and incur

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20456

substantial medical bills.  The district court granted summary judgment in favor of Walgreens, concluding that the speed bump was an "open and obvious" hazard that could not support a claim for premises liability under Texas law. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 516 (Tex. 1978) ("[T]here is 'no duty' to warn a person of things ... which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof.").

To prevail on a premises-liability claim against a property owner under Texas law, a plaintiff must demonstrate that "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *See McCarty v. Hillstone Rest. Grp., Inc.,* 864 F.3d 354, 358 (5th Cir. 2017) (quoting *Henkel v. Norman,* 441 S.W.3d 249, 251–52 (Tex. 2014)).  Reviewing the summary judgment record, we agree with the district court that Alford has failed to establish the required elements.

AFFIRMED.