# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50785
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2023

Lyle W. Cayce
Clerk

Stephanie Britt,

*Plaintiff—Appellant*,

*versus*

Walgreen Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-781

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This is a fairly ordinary retail slip-and-fall case based on diversity jurisdiction. The district judge conducted a thorough bench trial that included several live witnesses and numerous witnesses by video. The case turns on whether Walgreen's had constructive knowledge that there was water on the floor that caused plaintiff's fall.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50785

The district court issued a thorough seven-page Findings of Fact and Conclusions of Law, carefully concluding that "[w]hile it is a somewhat close call, the facts of this case make it challenging to infer that Walgreen's had constructive notice." The court's findings are protected under the clearly-erroneous standard of Federal Rule of Civil Procedure 52(a)(6).

The plaintiff's main issue on appeal is this: "Did the District Court Judge fail to meet the requirement of Fed. R. Civ. P. 52(a) by not specifically finding the facts following a bench trial?" The findings are adequate for this comparatively simple case. Rule 52 does not require "punctilious detail"[1] but must include "sufficient detail to enable the appellate court to consider the findings under the applicable reviewing standard."[2]

Walgreen's points out that the district judge found at least the following specific facts: (1) the purpose of plaintiff's visit; (2) the approximate time of her fall; (3) that a customer had bought ice twenty-six minutes before the fall; and (4) testimony from employees that ice falls onto the floor from time to time. The court also identified testimony from another employee whom the court found not credible.

From the facts and circumstances, the court concluded that plaintiff "lacks more to corroborate her story that pulling the bag of ice out of the freezer left ice or a puddle of water on the floor." The court presented a comprehensive summary of premises liability in Texas. In doing so, the court offered an extensive discussion of the main case relied on by the plaintiff,[3] in which this court reversed a summary judgment regarding knowledge of a retail spill. The court noted the significant differences between the facts in

---

[1] *Ratliff v. Governor's Highway Safety Program*, 791 F.2d 394, 400 (5th Cir. 1986).

[2] *Burma Navigation Corp. v. Reliant Seahorse M/V*, 99 F.3d 652, 657 (5th Cir. 1996).

[3] *Garcia v. Wal-Mart Stores, Tex., L.L.C.*, 893 F.3d 278 (5th Cir. 2018) (Smith, J.).

No. 22-50785

*Garcia* and here.

There is no clear error. The judgment is AFFIRMED, essentially for the reasons set forth by the district court in its findings and conclusions of August 5, 2022.