# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40138

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

Kenneth Bradford,

*Plaintiff—Appellant*,

*versus*

Walmart Stores Texas, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:21-CV-363

_____

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:[*]

Kenneth Bradford sued Walmart Stores Texas, L.L.C. after allegedly slipping and falling on smashed grapes on the floor of one of its stores. The district court granted summary judgment for Walmart. We AFFIRM.

## I.

Bradford alleges that on July 10, 2020, around 7:00 p.m., he slipped on grapes smashed on the floor and fell while shopping at a Beaumont, Texas

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40138

Walmart and sustained injuries because of his fall. Surveillance video from two cameras monitoring the produce section captured the incident. Both videos show customers and Walmart employees passing through the produce section before Bradford's fall, but the low-resolution footage does not clearly show the details of any single person's conduct, nor the condition of the floor where Bradford fell.

About two weeks later, on July 23, 2020, an unknown Walmart employee created a post-incident investigation note based on his or her review of the surveillance video footage and photos taken after the incident. The investigation note describes two employees walking through or around the area of the incident before Bradford fell. It also includes a "Liability Assessment" of "Probable, there was an assoc[iate] who walked over the [area of the incident] 3 min[utes] prior to the incident. There weren't any sources of the hazard from when the [last employee] walked through the [area of the incident] and [when Bradford] fell."

On September 29, 2020, Bradford sued Walmart in state court, seeking personal injury damages for negligence based on premises liability. Walmart removed the case to federal court. On June 23, 2022, Walmart moved for summary judgment, which the district court granted on February 1, 2023. Bradford appeals.

## II.

We review grants of summary judgment *de novo* and apply the same standard on appeal that was applied by the district court. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Summary judgment, however, cannot be defeated with "conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Instead, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). We will grant summary judgment when "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

"We review a district court's evidentiary rulings that determine the summary judgment record for abuse of discretion." *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

III.

To succeed on his premises liability claim, Bradford must prove four elements: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). This appeal concerns only the

first element: whether Walmart had "actual or constructive knowledge" of the smashed grapes on the floor.

A plaintiff may satisfy the "knowledge" element by showing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Here, Bradford has not identified evidence from which a jury could conclude that Walmart had actual or constructive knowledge.

## A.

Regarding actual knowledge, the record does not contain enough evidence to show that Walmart employees themselves smashed the grapes on the floor, nor that Walmart actually knew about the smashed grapes prior to the accident. The only two pieces of evidence Bradford points to are (1) the video footage and (2) the post-incident investigation note.

At no point in the video footage are grapes visible on the floor, nor is there any frame where an employee is seen smashing any grapes. Moreover, dozens of other store patrons are seen walking through the area of incident before Bradford's fall. At best, the video proves that Walmart employees were near the area of incident before Bradford's fall. Any further conclusions would be mere suspicion, which is "insufficient to carry [Bradford's] burden of establishing a genuine issue for trial." *See McCarty*, 864 F.3d at 359.

As for the post-incident investigation note, the district court declined to consider the liability assessment, concluding it was hearsay. Bradford does not argue that this conclusion was error. Instead, he states in a single sentence in a footnote that the district court should have considered the evidence because it could have been "proven up via deposition testimony or calling the author of the investigative report to testify at trial." Briefly mentioning an

No. 23-40138

argument in a footnote without analysis abandons it. *United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003). Therefore, we need not consider whether the district court erred in excluding the assessment as hearsay.[1]

With respect to the rest of the note describing the incident, the district court determined that it was "not relevant" because the court could independently review the video and draw its own conclusions. We agree that this portion of the report was inadmissible, but under Federal Rule of Evidence 701, which governs the admission of lay testimony. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) ("We may affirm the district court's judgment on any basis supported by the record."). "Testimony on topics that the jury is fully capable of determining for itself . . . is inadmissible under Rule 701." *United States v. Haines*, 803 F.3d 713, 733 (5th Cir. 2015) (explaining that lay testimony is permitted because it describes "something *that the jurors could not otherwise experience for themselves* by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event" (citation omitted)). The observations in the post-incident note were seemingly not based on the Walmart employee's own first-hand observations, but rather his or her descriptions upon viewing the photos and videos. Because a jury would be capable of viewing the photos and videos itself, the employee's descriptions of that evidence are inadmissible.

_____

[1] Even if we did, the liability assessment would still be inadmissible. Federal Rule of Evidence 704 "does not allow a witness to give legal conclusions," *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 221 (5th Cir. 2023) (quotation omitted); *see United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (stating that Rule 704(a) "prohibits any witness, expert or lay, from testifying to a legal conclusion"). And the employee's conclusion that liability is "[p]robable" is a legal conclusion.

No. 23-40138

B.

Bradford next argues that it was more likely than not that the grapes were on the floor long enough to give Walmart a reasonable opportunity to discover them. How much time is required to establish a reasonable opportunity "depend[s] upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816. While evidence of proximity and conspicuity are often relevant to our analysis, *see id.*, they "on their own . . . are insufficient to show constructive notice." *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 517 (5th Cir. 2015) (unpublished) (citing *Reece*, 81 S.W.3d at 816). "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Reece*, 81 S.W.3d at 816. And, if evidence "supports only the *possibility* that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the owner cannot be charged with constructive knowledge. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Here, evidence of longevity is Bradford's Achilles' heel. The record does not show how long the smashed grapes were on the floor. The video evidence does not show when the grapes fell or when they were smashed; in fact, the grapes are never visible at all. Accordingly, there is "no evidence [that] would permit [a] jury to trace the alleged slip risk to a particular antecedent event." *McCarty*, 864 F.3d at 360.

Bradford argues that the grapes were discolored and smashed into multiple pieces, which "grapes are not supposed to be," in an effort to prove that the grapes were on the floor long enough for Walmart to discover them. Texas courts, however, have routinely held that this type of evidence is insufficient to establish constructive knowledge. *See, e.g.*, *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) ("[T]estimony that the grapes

6

No. 23-40138

. . . were discolored and ruptured does not tend to prove that the grapes had been on the floor a sufficient time to impute knowledge of their location to Safeway."); *Gonzalez*, 968 S.W.2d at 938.

\* \* \*

For the foregoing reasons, Bradford fails to identify any evidence of actual or constructive knowledge. Summary judgment was proper. AFFIRMED.