# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2024

Lyle W. Cayce
Clerk

No. 23-11066
Summary Calendar

_____

Peter Garcia,

*Plaintiff—Appellant*,

*versus*

The Delta Companies,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3194

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Peter Garcia appeals the district court's summary dismissal of his defamation, fraud, and age discrimination claims against The Delta Companies, a medical personnel placement services firm operating within the national healthcare industry. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11066

Garcia is a medical doctor who graduated from medical school in 1980, and who currently resides in Orlando, Florida. On August 6, 2019, a recruiter from The Delta Companies ("Delta"), Cassidy Armstrong, contacted Garcia about a Chief Medical Officer position at Coast Community Health Center ("CCHC"), a small health center in rural Oregon. Garcia applied for the CCHC position through Armstrong, but CCHC ultimately did not select Garcia. Delta states that Garcia's non-selection was due to his lack of recent Federally Qualified Health Center ("FQHC") experience. However, Garcia contends that the true reason for his rejection was his age. Garcia also argues that Delta made "false and disparaging" statements to CCHC in "a deliberate effort to encourage [CCHC] to reject Garcia as a candidate as part of [Delta's] discriminatory behaviors."

Garcia brought suit against Delta, alleging defamation, fraud, and discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*[1] Both parties moved for summary judgment. Adopting the findings, conclusions, and recommendations of the magistrate judge, the district court granted Delta's summary judgment motion in full, denied

---

[1] Notably, this is not Garcia's first lawsuit of this type. As Delta points out, Garcia has filed *nine* other lawsuits alleging similar claims for employment discrimination following rejected employment applications, all of which have been dismissed. *See Garcia v. Coast Cmty. Health Ctr.*, No. 6:20-CV-2175-MC, 2021 WL 2004778, at *4 (D. Or. May 19, 2021) (collecting eight other cases), *aff'd*, No. 21-35555, 2022 WL 2869779 (9th Cir. July 21, 2022).

In Garcia's most recent prior case, the U.S. District Court for the District of Oregon explained that Garcia "has established a pattern of bringing a court case whenever the reality of a rejection from a job conflicts with his own delusions of grandeur about his qualifications," that Garcia's claims are "a waste of resources," and that Garcia's "lengthy history of hollow litigation borders on the 'flagrant abuse' standard." *Id.* To this end, Delta—in the conclusion and prayer sections of its trial briefs—asked the district court to designate Garcia as a "vexatious litigant" and to pay its fees in this case. However, Delta also stated that it would brief the requests "separately," which it did not do. For that reason, the district court declined to address the issue, and we decline to do so as well.

Garcia's motion, and dismissed Garcia's claims with prejudice. Garcia timely appealed.

We review grants of summary judgment *de novo* and apply the same standard on appeal that was applied by the district court. *See McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Having considered the magistrate judge's thorough, well-reasoned findings, conclusions, and recommendations, the district court's opinion granting summary judgment, the parties' briefing, and the record, we find no error. As to Garcia's age discrimination claim, to establish a prima facie case of age discrimination in the employment agency context, a plaintiff must show, *inter alia*, that (1) "[the plaintiff] asked or expected the employment agency to refer him for employment, and that he was qualified for the job," and (2) "the employment agency failed to or refused to refer him for employment." *Champlin v. Experis US, Inc.*, No. 4:16-CV-421, 2017 WL 635563, at *3 (S.D. Tex. Feb. 16, 2017) (internal quotation omitted); *see also Hill v. Miss. State Emp. Serv.*, 918 F.2d 1233, 1238–39 (5th Cir. 1990) (applying the disparate treatment framework for a Title VII claim against an

employment agency for race-based non-referral of job candidate).[2] The undisputed record evidence shows that after Garcia applied and interviewed with Delta for the CCHC position, Delta forwarded Garcia's curriculum vitae to CCHC, and CCHC declined to select Garcia because he had "no FQHC experience in recent years."[3] Thus, Delta *did* refer Garcia to CCHC. In an attempt to save his claim, Garcia argues that Delta failed to refer and recommend him to CCHC a second time—after CCHC had already rejected him once—in November 2019. Yet, it is undisputed that rather than attempt to utilize Delta's services a second time, Garcia "accessed the web page for CCHC" and reapplied to CCHC directly. And, Garcia himself admitted in a declaration that he "did not authorize the release of any information or [his] CV to any potential employer through

---

[2] "Congress lifted the substantive provisions of Title VII almost verbatim in drafting the [Age Discrimination in Employment Act]. In consequence, courts have construed the two sets of legislation consistently and cases from one are frequently applied to similar cases under the other." *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 557–58 & n.1 (5th Cir. 1983).

[3] Garcia argues that this "excuse" was fabricated by Armstrong, not CCHC, and that "Armstrong was the only person that could [have] created this excuse." But in the same breath, Garcia concedes that his "FQHC experience was not listed on the CV that Armstrong prepared and provided to [CCHC]." Thus, CCHC would have concluded that Garcia lacked recent FQHC experience once they reviewed his resume, which itself presented a lack of FQHC experience.

Moreover, at bottom, this argument is illogical. Garcia offers no explanation as to why *Delta* would first reach out and initiate contact with Garcia, then go forward with sending his materials to CCHC, only to discriminate against Garcia after he was not selected. *Cf. Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 320 n.3 ("Where, as here, the same actor hires and fires an employee, an inference that discrimination was not the employer's motive in terminating the employee is created."). In short, Garcia's argument that Armstrong fabricated this evidence and Garcia's implication that Armstrong perjured herself by falsely including this evidence in her affidavit is belied by logic, the record, and Garcia's own admissions.

No. 23-11066

Delta after the Armstrong interview." Thus, Garcia fails to establish a prima facie claim of discrimination against Delta.

Moreover, as the district court correctly surmised, even assuming *arguendo* that Garcia established a prima facie case of discrimination, Garcia failed to show that the nondiscriminatory reason for his non-selection—i.e., his lack of recent FQHC—was pretext. To establish pretext, a plaintiff must produce evidence that rebuts "each of the nondiscriminatory reasons the employer articulates." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). Garcia admits that he lacks any recent FQHC experience, and that the original resume submitted to CCHC reflected this fact. Garcia fails to identify any evidence[4] rebutting these facts and establishing that the real reason for Garcia's non-selection was illegal discrimination.[5]

Garcia's defamation claim fares no better. To establish defamation under Texas law, a plaintiff must prove, *inter alia*, that the "defendant published a false statement," and that he suffered damages as a result of that statement. *Smith v. Wal-Mart Stores, Inc.*, 980 F.3d 1060, 1062 (5th Cir.

---

[4] Garcia has repeatedly asserted in the district court and on appeal that Dr. Ann Kellogg—"[t]he person hired 18 months [after Garcia]"—had no FQHC experience, which shows evidence of pretext. In fact, Garcia goes as far as to state that "[Delta] acknowledges that Kellogg had no FQHC experience which helps demonstrate pretext." Delta has done no such thing; in fact, it did *exactly the opposite* in its Reply in Support of its Motion for Summary Judgment: "As an initial matter, without any basis, Garcia asserts that Kellogg did not have FQHC experience. Importantly, that has not been established in this case. Delta's understanding is that Kellogg did indeed have FQHC experience." The reality is that Garcia makes this assertion without any record citations, and without providing this court with a single piece of evidence suggesting that Kellogg lacked FQHC experience.

[5] This conclusion is supported by the fact that the U.S. District Court for the District of Oregon already concluded that there "[were] no facts alleged by [Garcia] that suggest an inference of age discrimination" in his case against CCHC. *See Coast Cmty. Health Ctr.*, 2021 WL 2004778, at *2–3.

2020). "If a statement is not verifiable as false, it is not defamatory." *Dall. Morning News, Inc., v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). "Similarly, even when a statement *is* verifiable as false, it does not give rise to liability if the 'entire context in which it was made' discloses that it is merely an opinion masquerading as a fact." *Id.* (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 681 (Tex. 2002)). Garcia argues that Armstrong's statement to CCHC that Garcia "was difficult to reach" was false and defamatory. We disagree. The district court was correct that this characterization is, as a matter of law, an opinion rather than an objectively verifiable fact. *See id.* at 638–39. Moreover, the district court correctly observed that there is no evidence that CCHC rejected Garcia because of this statement, rather than—as CCHC themselves stated—because of Garcia's lack of qualifications. Thus, the district court correctly dismissed Garcia's defamation claim.

Finally, Garcia's fraud claim fails as well. To prove fraud under Texas law, a plaintiff must show, *inter alia*, that (1) "the defendant made a material representation that was false" and (2) "the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *CBE Grp., Inc. v. Lexington Law Firm*, 993 F.3d 346, 350 (5th Cir. 2021) (internal quotations omitted). Garcia argues that Armstrong's statement that CCHC rejected him because he had "no recent FQHC experience" was fraudulent, and that he relied on that statement. We disagree for two reasons. First, as discussed *infra* footnote 3, the argument that Armstrong's statement was false is belied by the record. Second, Garcia fails to point to any evidence that he relied on this representation in any capacity. In fact, Garcia admitted in his deposition that he did *not* rely on representations that Delta made to him, nor on representations that Delta made to CCHC. Summary judgment cannot be defeated with "conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). We will grant summary judgment when

"critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

AFFIRMED.[6]

_____

[6] Delta has also asked this court to find that Garcia abandoned his appeal under Federal Rule of Appellate Procedure 28(a)(8)(A) and Fifth Circuit Rule 28.2.2, as Garcia— a law school graduate—"fails to cite to the Record on Appeal to support any statements, factual assertions, or provide any supported basis for the Court to overturn the District Court's decision." While it is true that Garcia's brief contains no citations to the record, and frequently makes unsupported factual and legal assertions throughout, we decline to decide the issue of abandonment as Garcia's claims fail as a matter of law.