# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10009

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2019

Lyle W. Cayce
Clerk

RAJIN PATEL,

      Plaintiff - Appellant

v.

TEXAS TECH UNIVERSITY; DUANE JONES, Individually and in his
Official Capacity as Adjunct Professor; WILLIAM PASEWARK, Individually
and in his Official Capacity as Texas Tech University Rawls College of
Business Associate Dean of Graduate Programs and Research; ROBERT
RICKETTS, Individually and in his Official Capacity as Area Coordinator in
Accounting; BRITTANY TODD, Individually and in her Individual Capacity
as Associate Director of the Office of Student Conduct,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before KING, HIGGINSON, and DUNCAN, Circuit Judges.
STUART KYLE DUNCAN, Circuit Judge:

      Rajin Patel appeals the district court's order granting defendants' motion
for summary judgment and dismissing his complaint. We affirm.

## I.

      Patel, a graduate student at Texas Tech University, sued the university
and several of its officers and agents (collectively, "Defendants") asserting
substantive due process and equal protection claims in connection with the

university's evaluation of allegations that Patel cheated on an exam. The story begins with a business law final exam administered by Defendant Duane Jones. While grading the exam, Jones noted distinct similarities between Patel's answers and answers from a test bank, indicating Patel may have cheated. Jones reported Patel to the Office of Student Conduct ("OSC"). In turn, OSC—led by then-associate director Defendant Brittany Todd—conducted an internal investigation that resulted in a report adverse to Patel. OSC then convened a panel that heard evidence from Patel, Jones, and OSC. The panel found Patel responsible for plagiarism and cheating and assessed financial and academic penalties. The panel's determination was based on the similarities between the test bank answers and Patel's test answers. Texas Tech denied Patel's internal appeal.

Patel then sued Texas Tech and all individually named Defendants in their official and individual capacities. He asserted claims under 42 U.S.C. § 1983 for substantive due process and equal protection violations, as well as a breach of contract claim against Texas Tech. Defendants[1] filed motions to strike Patel's expert reports and a motion for summary judgment. While it denied the motions to strike, the district court declined to consider the expert reports when ruling on summary judgment because the reports were unsworn. Finding no genuine issue of material fact as to Patel's claims, the district court granted Defendants' motion for summary judgment and dismissed his complaint. Patel appeals the district court's failure to consider his expert reports as well as the summary judgment dismissing his substantive due process and equal protection claims.[2]

---

[1] The court dismissed Patel's individual-capacity claims against certain defendants on qualified immunity grounds. Those rulings are not before us.

[2] Patel voluntarily dismissed his breach of contract claim before the district court's summary judgment ruling.

No. 19-10009

II.

We first address whether the district court erred in refusing to consider Patel's unsworn expert reports when ruling on summary judgment. We review a district court's evidentiary rulings that determine the summary judgment record for abuse of discretion. *Maurer v. Independence Town*, 870 F.3d 380, 383 (5th Cir. 2017). Although that standard is deferential, an "erroneous view of the law" satisfies it. *Id*. at 384 (citation omitted).

The expert reports at issue come from Dr. Robert Coyle and Dr. Alan Perlman. Dr. Coyle's report opines that Patel has a learning disability that requires him to study by rote memorization. Dr. Perlman's report applies linguistic theory to conclude that the similarities between Patel's answers and the test bank answers are insufficient to show Patel cheated. Although the district court declined to consider the expert reports because they were unsworn, it made no finding that the opinions expressed in the reports could not be placed in admissible form.

In discounting the reports, the district court mistakenly relied on a prior version of Federal Rule of Civil Procedure 56 and cases applying it. *See Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 354 (5th Cir. 2017) ("In 2010, Rule 56 was amended to clarify and streamline the procedures regarding summary judgment motions and to make clear the process for supporting assertions of fact and objecting thereto."). New Rule 56(c), added in 2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Id.* at 355 (quoting 11 Moore's Federal Practice–Civil ¶ 56.91 (2017)); *see also, e.g.*, *Maurer*, 870 F.3d at 384 ("At the summary judgment stage, evidence need not

be authenticated or otherwise presented in an admissible form.") (citations omitted). The district court declined to consider Patel's two reports solely because they were unsworn, without considering whether those opinions were "capable of being presented in a form that would be admissible in evidence." *Id.* (quoting *LSR Consulting, L.L.C. v. Wells Fargo Bank, NZ*, 835 F.3d 530, 534 (5th Cir. 2016)) (cleaned up). This contravened the new summary judgment rule and was therefore an abuse of discretion. Consequently, we will consider Patel's expert reports in determining whether Defendants were entitled to summary judgment. *See Maurer*, 870 F.3d at 385 (because the district court mistakenly excluded evidence under the new summary judgment rule, "[w]e will . . . consider the [excluded evidence] in determining whether the [movant] was entitled to summary judgment"); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 667–68 (5th Cir. 1999) (after first reviewing evidentiary rulings, "[t]hen, with the record defined, we must review *de novo* the order granting judgment as a matter of law") (citations omitted).

## III.

We now turn to Patel's contention that the district court erred in granting Defendants summary judgment. We review a summary judgment *de novo. Ezell v. Kan. City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if, under the applicable substantive law, "its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (citation omitted).

Patel's claims are, in essence, that the university's evaluation of the cheating allegations violated his substantive due process and equal protection rights. In opposing summary judgment, Patel points to evidence—including the

two expert reports—purporting to show that, contrary to the OSC panel's determination, he did not cheat or plagiarize during the final exam. This misapprehends the gravamen of claims concerning allegedly unconstitutional academic decisions, such as the one at issue here. "When judges are asked to review the substance of a genuinely academic decision, . . . they should show great respect for the faculty's professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). "Plainly, they may not override [an academic decision] unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* "Courts must accept, as consistent with due process, an academic decision that is not beyond the pale of reasoned academic decision-making when viewed against the background of the student's entire career." *Wheeler v. Miller*, 168 F.3d 241, 250 (5th Cir. 1999). This exceedingly narrow scope for judicial review of academic decisions applies to both due process and equal protection claims. *See id.* at 252.[3]

With respect to his substantive due process claim, Patel fails to identify any summary judgment evidence raising a genuine fact issue that Defendants "did not actually exercise professional judgment" in resolving the cheating allegations, *Ewing*, 474 U.S. at 225, or that the result of the process was "beyond the pale of reasoned academic decision-making," *Wheeler*, 168 F.3d at 250. Instead Patel merely asserts, for example, that Jones failed to exercise

---

[3] The Sixth Circuit recently addressed a similar scenario where a student contested his dismissal from medical school for cheating on an exam. *See Endres v. N.E. Ohio Med. Univ.*, 938 F.3d 281 (6th Cir. 2019). *Endres* does not conflict with our decision here. That case involved a "procedural due process" claim that the student was not afforded adequate procedural safeguards before dismissal, *id.* at 297, not the "substantive due process" claim Patel asserts. We also note that the Sixth Circuit distinguishes the process constitutionally required for "academic" versus "disciplinary" decisions. *See id.* (explaining that dismissal for "disciplinary misconduct" demands "more robust process" than dismissal for "academic underperformance"). Our circuit has not had occasion to address this distinction in the context of procedural due process claims. In any event, it has no bearing on this case.

professional judgment by reporting him for cheating and that Todd and the panel failed to adequately investigate the allegations against him. These conclusory allegations cannot create a genuine fact issue sufficient to defeat summary judgment. *See, e.g., Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The record is devoid of evidence even suggesting that any Defendants acted unreasonably in reporting, investigating, or resolving the allegations against Patel. To the contrary, the record reflects that Defendants followed protocol in reporting and investigating the allegations and that the result of the process was supported by evidence. In response to this, Patel only offers evidence suggesting, at most, it may have been reasonable for the university to conclude that he did not in fact plagiarize or cheat. Again, this misses the point: the applicable constitutional standard asks not whether Patel in fact cheated but instead whether the decisionmaker "did not actually exercise professional judgment" in reaching its decision. *Ewing*, 474 U.S. at 225. We thus conclude that Patel's substantive due process claim was properly dismissed on summary judgment.

Patel likewise fails to demonstrate a genuine issue of material fact as to his equal protection claim. He alleges that Jones only reported Patel even though Jones received an anonymous report that two other unnamed students may have cheated. This "class of one" equal protection claim requires Patel to show that "(1) he . . . was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena Tex.*, 669 F.3d 225, 233 (5th Cir. 2012); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Patel points to no summary judgment evidence creating a genuine fact issue as to either prong. That is, nothing in the record suggests that Patel was intentionally treated in a manner irrationally different from other similarly situated students. *See Ewing*, 474 U.S. at 228 n. 14 (even when student identifies possible academic

comparators through statistical evidence, courts "are not in a position to say" those students were "similarly situated" for purposes of challenging academic decisions). We therefore conclude the district court properly granted summary judgment dismissing Patel's equal protection claim.

AFFIRMED