# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2021

Lyle W. Cayce
Clerk

No. 21-20204
Summary Calendar

Rashelle Bruno,

*Plaintiff—Appellant*,

*versus*

Nicole Ford; Shirley Mayberry,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-187

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Appellant Bruno challenges the district court's adverse summary judgment in her FLSA case. We vacate and remand.

Appellees Nicole Ford and Shirley Mayberry hired Appellant Rashelle Bruno in April 2017 to serve as a caregiver for mentally disabled people living

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in a group home. Bruno contends that her workweek began on Thursday and ended the following Wednesday and that she worked fifty-nine hours one week and twelve hours the next, according to bi-weekly schedule. Appellees paid Bruno $10.25 per hour for her services. But Bruno insists that she was not properly compensated for her alleged overtime hours. Appellees disagree, arguing that Bruno's workweek began on Monday and ended on Sunday and that she worked thirty-nine hours one week and thirty hours the next. At the time Bruno quit, she had worked nearly three years for the employers. This action was filed as a result of their pay dispute.

Initially, Appellees contend, the *workweek* (Monday-Sunday) was structured so that some employees worked Monday through Thursday while others worked Friday through Sunday. The former group worked nine-hour shifts each day for a total of 36 hours each week. The latter worked twelve-hour shifts each day for a total of 33 weekly hours. But the *pay period* (Thursday-Wednesday) apparently differed from the workweek, as employees were paid biweekly from the first Thursday through the second Wednesday. Bruno worked the Friday through Sunday schedule every other week and other times as needed between April and June of 2017.

Then, in late June 2017, Appellees created a rotating schedule designed to allow employees to have one day off each weekend. Following this change, Appellees say that Bruno worked nine-hour shifts on Monday, Tuesday, and Wednesday and a twelve-hour shift on Sunday for a total of 39 hours during the first week of the rotation. During the second week, Appellees contend that Bruno worked nine-hour shifts on Thursday and Friday and a twelve-hour shift on Saturday for a total of 30 hours. Appellees insist that, despite the reconfigured schedule, the workweek remained Monday-Sunday and the pay period remained biweekly from the first Thursday through the second Wednesday. In support of this contention,

they produced a sworn declaration, a work schedule, and a chart summarizing sign-in sheets.

Bruno, however, argues that the workweek (like the pay period) was actually Thursday-Wednesday. Thus, during the first week of the rotation she claims to have worked nine-hour shifts on Thursday and Friday, followed by a twelve-hour shift on Saturday, and then nine-hour shifts on the following Monday, Tuesday, and Wednesday for a total of 57 hours. As evidence of this understanding, Bruno points to a document generated by Appellees that shows "time reporting periods" beginning on Thursdays ending on Wednesdays. Bruno further emphasizes that her paychecks themselves reflect a bi-weekly Thursday-Wednesday workweek and pay period because they appear to pay her for working from a Thursday to a Wednesday two weeks later. And she finally avers in a sworn declaration that her supervisor expressly confirmed in November 2019 that "the workweek was from Thursday to Wednesday."

Following a complaint by Bruno, Appellees say they changed the pay period to coincide with the workweek in December 2019. In other words, beginning in December 2019, Appellees contend that the workweek and pay period were both Monday-Sunday. Bruno then quit her job later than month. And she eventually brought action against Appellees in January 2020 for unpaid overtime compensation and retaliation under the Fair Labor Standards Act.

After the Appellees moved for summary judgment and rejected any liability for unpaid overtime, Bruno responded that her understanding of the workweek was correct and that she was therefore entitled to approximately 300 hours of overtime pay. But she also insisted, that even if Appellees are right and the workweek was Monday-Sunday, she is still entitled to over one-

hundred hours of overtime pay based on a comparison of the sign-in sheet summary chart submitted by Appellees with her own paycheck records.

The district court ultimately issued a three-page opinion granting summary judgment in favor of Appellees on the overtime compensation claim and determined that Bruno abandoned her FLSA retaliation claim that she failed to address in response to the summary judgment motion. In granting summary judgment, the district court's reasoning was limited to the following pronouncement:

> Ford gives records establishing the workweek as Monday to Sunday. She made the determination to change the pay period to match the workweek to clarify the confusion the difference was causing – not to avoid having to make overtime payments.

This Court reviews a district court's grant of summary judgment *de novo*. *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. Civ. P. 56(a). "The record must be viewed in the light most favorable to the non-moving party; all justifiable inferences will be drawn in the non-movant's favor." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (citation omitted).

29 U.S.C. § 207(a)(1) mandates that, unless an enumerated exemption applies, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." A workweek is "a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day." 29 C.F.R. § 778.105. A workweek remains fixed once established, but "may

be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act." *Id*. "If an employer violates the overtime-compensation requirement, it is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (quoting 29 U.S.C. § 216(b)).

All parties agree that Bruno worked sixty-nine hours every fourteen days. The principal dispute is whether (as Appellees contend) Bruno worked thirty-nine hours one week and thirty hours the next, *or* whether (as Bruno contends) she worked fifty-seven hours one week and twelve hours the next. If Bruno is correct, then Appellees violated the FLSA and she is owed approximately 300 hours of overtime pay. But it may also be true that Appellees still owe Bruno over one-hundred hours of overtime pay even under their own theory of the workweek.

Remand is necessary because the reasoning supporting the district court's determination is unclear. The district court may be correct that Appellees do not owe Bruno any unpaid overtime. The district court did not, however, indicate what records it relied on in granting summary judgment. Nor did it even mention the time reporting records, paychecks, and declaration submitted by Bruno. That evidence cannot simply be ignored without explanation. Perhaps most important, the district court did not acknowledge Bruno's alternative argument that she is still entitled to overtime pay even under Appellees' understanding of the workweek. That argument may be waived or may otherwise lack merit. But, like the evidence proffered by Bruno, it cannot be ignored. When this court has "no notion of the basis for a district court's decision, because its reasoning is vague or was simply left unsaid, there is little opportunity for effective review." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984) (collecting cases). "In such

cases, [this Court has] not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Id.* (collecting cases). A great deal was left unsaid by the district court. To ensure effective review, the district court must clearly address *both* arguments raised by Bruno along with the evidence she submitted. The same result may obtain, but the reasoning should be clear.

For the foregoing reasons, the district court's judgment is VACATED and REMANDED for further proceedings consistent with this opinion.